# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

RUIXING YANG,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden of
Otay Mesa Detention Center; et al.,

Respondents.

Case No.:  26cv2592 DMS (MSB)

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition, and Petitioner filed a Reply.  For the following reasons, the Petition is granted.

Petitioner is a native and citizen of the People's Republic of China.  (Pet. at 1.)  On July 8, 2025, he entered the United States without inspection and was arrested by Border Patrol officials.  (*Id.* at 4.)  He was determined to be inadmissible, placed in expedited removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody.  (*Id.*)  Petitioner was referred for a credible fear interview with an asylum officer, and after receiving a positive finding, was issued a Notice to Appear, which initiated full removal proceedings.  (*Id.*)  Those proceedings appear to be ongoing.

On April 23, 2026, Petitioner filed the present case alleging his continued detention without a bond hearing violates his due process rights.  Respondents argue the Court lacks jurisdiction to address Petitioner's claims, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B), Petitioner has no due process right to release or a bond hearing, and even if he did, his detention has not been unconstitutionally prolonged.[1]

The Court has rejected Respondents' first argument in numerous other cases, and does so again here.  *See, e.g., Garcia v. Noem*, 803 F. Supp. 3d 1064, 1073–74 (S.D. Cal. 2025); *Medina-Ortiz v. Noem*, No. 25-CV-02819, 2025 WL 4052326, at *2 (S.D. Cal. Oct. 30, 2025).

On Respondents' second and third arguments, Petitioner does not dispute his detention is governed by 8 U.S.C. § 1225(b)(1).  However, he asserts his prolonged detention without the provision of a bond hearing still gives rise to a due process claim.  This Court agrees.  *See Gao v. LaRose*, 805 F.Supp.3d 1006, 1110 (S.D. Cal. 2025) (agreeing "with the majority position that a petitioner detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing.")

To resolve due process claims like the one presented here, the Court applies the framework set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019). In that case, the court set out

> a framework for analyzing a due process challenge to prolonged detention, a six factor balancing test used by some district courts, that considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

---

[1] Respondents also assert that to the extent Petitioner is raising a conditions of confinement claim, that claim would not be cognizable on habeas.  The Court does not construe the Petition to allege that kind of claim, therefore the Court does not address that argument further.

*Sadeqi v. LaRose*, 809 F.Supp.3d 1090, 1093-94 (S.D. Cal. 2025).

Starting with the first factor, Petitioner has been detained since July 8, 2025, or for nearly one year. The current status of Petitioner's immigration proceedings is unclear, as is the length of Petitioner's future detention. On the third factor, courts in this District and elsewhere have found the conditions of confinement at Otay Mesa Detention Center, where Petitioner is currently housed, "are not dissimilar to criminal confinement[.]" *Gao*, 805 F.Supp.3d at 1111. *See also Zhakuov v. Noem*, No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *3 (S.D. Cal. Feb. 25, 2026) (quoting *Kydyrali v. Wolf*, 499 F.Supp.3d 768, 773 (S.D. Cal. 2020)) (stating multiple courts have found detention at Otay Mesa "'is indistinguishable from penal confinement'"). There is no evidence on the fourth and fifth factors, therefore they are neutral. And the same goes for the sixth factor, as it is unclear what the outcome of Petitioner's immigration proceedings will be.

Because the balance of factors weigh in favor of Petitioner, the Court finds Petitioner's detention has become unconstitutionally prolonged and violates due process. Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. Respondents shall file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results thereof.

**IT IS SO ORDERED.**

Dated:  June 24, 2026

Hon. Dana M. Sabraw
United States District Judge

3

26cv2592 DMS (MSB)